**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| -vs- | : NO. 2:26-CR-113(6) |
| ABRAHAM H. ALVEREZ, ET. AL., | : JUDGE EDMUND A. SARGUS, JR. |
| Defendants. | : |

---

**DEFENDANT BRYAN ROA'S PETITION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER OF DETENTION**

---

Now comes the Defendant, by and through counsel, and pursuant to Title 18 U.S.C. §3145(b), respectfully, moving this Court to overrule the Magistrate Judge's Order of Detention issued on or about June 15, 2026. Defendant asserts there exist conditions or a combination of conditions that will reasonably assure his appearance at trial without endangering the safety of any other persons or the community at large.

Respectfully submitted,

FREDERICK D. BENTON, JR.
A Legal Professional Association

/s/Frederick D. Benton, Jr.
Frederick D. Benton, Jr.
Ohio Supreme Court #0022800
Trial Counsel for Defendant
98 Hamilton Park
Columbus, Ohio 43203
(614) 732-4693
fred@fdbentonlaw.com

## MEMORANDUM IN SUPPORT

A Federal Grand Jury returned an Indictment against the accused and others for Conspiracy to Provide Material Support to Terrorists in violation of 18 U.S.C. §2399A, Conspiracy to Commit Murder Within the Special Territorial Jurisdiction of the United States and to Murder an Officer or Employee of the United States, in violation of 18 U.S.C. §1117, along with a Forfeiture Allegation pursuant to 18 U.S.C. §981(a)(1)(G), 28 U.S.C. §2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure. Notwithstanding the charged offenses, he is presumed innocent.

On June 15, 2026, Mr. Roa was arrested in the Central District of California (CD/CA) on a Complaint for Conspiracy to Commit Murder (CD/CA 5:26mj00418-1). He was ordered detained but then the case was dismissed on June 29, 2026. He then appeared on June 30, 2026, on a Complaint filed in the Southern District of Ohio (Columbus) for Conspiracy to Commit Murder (CD/CA 5:26mj00458). He was ordered detained in accordance with the prebail report filed in that district and removed here to the Southern District of Ohio.

Notwithstanding those findings, Pretrial Services for the Southern District of Ohio, following its own investigation, recommended Mr. Roa's release. It should be noted that an important distinction between these opposite conclusions is that the Central District of California was unable, within the allotted time, to verify Mr. Roa's background information.

The present report lists twelve (12) conditions upon which Mr. Roa's release is recommended. The Court is requested to adopt the same.

Title 18 U.S.C. §3142(b) mandates pretrial release ("shall order the pretrial release") on personal recognizance or an unsecured appearance bond unless the court determines that "such release will not reasonably assure" the person's appearance or "will endanger the safety of any other person or the community."

Section 3142(g) sets forth the factors the judicial officer shall take into account:

(1) the nature and circumstances of the offense charged;
(2) the weight of the evidence;
(3) the history and characteristics of the person including:
(4) the defendant's character;
(5) physical and mental condition;
(6) family ties;
(7) employment;
(8) financial resources;
(9) length of residence in the community;
(10) community ties;
(11) past conduct;
(12) history relating to drug or alcohol abuse;
(13) criminal history;
(14) record of appearance at court proceedings;

18 U.S.C. §3142(g).

Pretrial Service has weighed those factors in recommending release.

When considering the factors outlined within 18 U.S.C. §3142(g), the release of the Defendant is most appropriate.

In establishing the Bail Reform Act of 1966, Congress stated:

> The purpose of this Act is to revise the practices relating to bail to assure that all persons, regardless of their financial status, shall not needlessly be detained pending their appearance to answer charges, to testify, or pending appeal, when detention serves neither the ends of justice nor the public interest.

Pub.L. 89–465.

There is a clear preference, if not a presumption, that an accused is to be released upon bail. The Act contains a presumption of release on the least restrictive conditions. See, 18 U.S.C. §3142(b). Moreover, a very critical

presumption that must never be forgotten is the accused's constitutional presumption of innocence. In establishing the Bail Reform Act of 1966, Congress stated:

> The purpose of this Act is to revise the practices relating to bail to assure that all persons, regardless of their financial status, **shall not needlessly be detained** pending their appearance to answer charges, to testify, or pending appeal, when detention serves neither the ends of justice nor the public interest.

Pub.L. 89–465. (Emphasis added).

WHEREFORE, Defendant respectfully moves this Court to order his release upon bail pursuant to the terms and conditions as recommended by Pretrial Services for the Southern District of Ohio, or such other terms this Court deems appropriate.

Respectfully submitted,

FREDERICK D. BENTON, JR.
A Legal Professional Association

/s/Frederick D. Benton, Jr.
Frederick D. Benton, Jr.
Ohio Supreme Court #0022800
Trial Counsel for Defendant
98 Hamilton Park
Columbus, Ohio 43203
(614) 732-4693
fred@fdbentonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing pleading was delivered on September 25, 2026 to:

David J. Twombly
Damoun Delaviz
UNITED STATES ATTORNEY'S OFFICE
303 Marconi Boulevard, Suite 200
Columbus, OH 43215

Respectfully submitted,

FREDERICK D. BENTON, JR.
A Legal Professional Association

/s/Frederick D. Benton, Jr.

Frederick D. Benton, Jr.
Ohio Supreme Court #0022800
Trial Counsel for Defendant
98 Hamilton Park
Columbus, Ohio 43203
(614) 732-4693
fred@fdbentonlaw.com