**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**Case Number 2:26-cr-113(6)**
**JUDGE EDMUND A. SARGUS, JR.**

**BRYAN OMAR ROA,**

**Defendant.**

**OPINION AND ORDER**

This matter came before the Court on Defendant Bryan Omar Roa's First Motion Appeal Order. (ECF No. 102.) The Government responded in opposition to the Motion. (ECF No. 104.) The Court held a hearing on October 13, 2026 and denied Mr. Roa's Motion on the record. (ECF No. 112.) This Opinion and Order memorializes the Court's ruling from the bench and provides additional reasoning for that decision.

On July 9, 2026, a Grand Jury in this District returned an Indictment charging eight Defendants, including Mr. Roa, with one count of conspiracy to provide material support to terrorists in violation of 18 U.S.C. § 2339A and one count of conspiracy to commit murder within the special territorial jurisdiction of the United States and to murder an officer or employee of the United States in violation of 18 U.S.C. § 1117. (ECF No. 33.) The Indictment alleges that Mr. Roa and others had agreed to and planned to kill individuals in Washington, D.C. at the Ultimate Fighting Championship event. (*Id.*)

Prior to that, Mr. Roa had been arrested in the Central District of California on a criminal complaint for conspiracy to commit murder based on similar allegations. *See United States v. Roa et al.*, Case No. 5:26-mj-418, Doc. 1 (C.D.C.A. June 14, 2026). A hearing was held on June

15, 2026. *Id.*, Doc. 7. The case was dismissed on June 29, 2026, *id.*, after a similar complaint had been filed in the Southern District of Ohio (ECF No. 1). Mr. Roa was arrested on the Southern District of Ohio complaint while still in the Central District of California, where he appeared before a magistrate judge and was again ordered detained. *See* Case No. 5:26-mj-458, Docs. 4, 5, 7 (C.D.C.A.); (ECF No. 40).

A district court reviews a magistrate judge's decision on pretrial detention de novo. *United States v. Mehmed*, 748 F. Supp. 3d 549, 552 (S.D. Ohio 2024) (MacFarland, J.) (citing *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129–30 (S.D. Ohio 2000) (Marbley, J.)). Under 18 U.S.C. § 3142(e), a defendant "shall" be detained if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."

Although the parties do not discuss it in their briefs, the Court must begin with whether there is a presumption of detention under the Bail Reform Act, 18 U.S.C. § 3141 *et seq*. When asked by the Court at the hearing if there was a presumption of detention, the Government responded that there was. A charge for conspiracy to provide material support to terrorists in violation of 18 U.S.C. § 2339A does indeed carry a rebuttable presumption of detention because it is a federal crime of terrorism statute that carries a maximum term of imprisonment exceeding ten years. *See* 18 U.S.C. 3142(e)(3)(C) (rebuttable presumption applies to "an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed"); 18 U.S.C. § 2332b(g)(5)(B) (identifying § 2339A as a federal crime of terrorism); *see United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (same); 18 U.S.C. § 2339A(a) ("shall be fined under this title, imprisoned not more than 15 years, or both"). While the presumption shifts the burden of production to Mr. Roa, the

burden of persuasion remains with the Government. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

Mr. Roa has not met his burden of production. His main argument is that United States Pretrial Services for the Southern District of Ohio recommended that Mr. Roa should be released, weighing the factors in 18 U.S.C. § 3142(g). (ECF No. 102, PageID 464–65.) While the Court thanks Pretrial Services for its work on this case, the Court is not bound by its recommendation.

On the other hand, the Government has met its burden of persuasion that Mr. Roa would be a danger to the community if he was released. The Government recounts in detail how Mr. Roa allegedly planned with others an armed attack on the South Lawn of the White House. (ECF No. 104, PageID 485–86.) The Government summarizes his alleged preparation: Mr. Roa "trained in marksmanship, packed his vehicle with weapons and tactical gear," and started driving to Washington, D.C. to meet his co-conspirators. (*Id.* PageID 486.) Mr. Roa took steps to avoid detection prior to his arrest—for example, using encrypted applications on his phone. (*Id.* PageID 487.) Such evidence suggests that Mr. Roa poses a risk of flight if released pretrial.

As a result, the Court **DENIES** (ECF No. 102) Defendant Bryan Omar Roa's First Motion Appeal Order and **ORDERS** Mr. Roa detained pending trial. This case remains open.

**10/28/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**